IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

RECEIVED
USDC. CLERK, CHARLESTON. SC

2008 APR 17 P 2: 13

William Tesar,                          )
                                        )
                    Plaintiff,          )
                                        )        Civil Action No. 9:06-2166-SB
v.                                      )
                                        )
John E. Potter, Postmaster             )        **ORDER**
General of the United States           )
Postal Service,                         )
                                        )
                    Defendant.          )
                                        )
_____)

This matter is before the Court upon the *pro se* Plaintiff's employment discrimination action. By local rule, this matter was referred to a United States Magistrate Judge for preliminary determinations.

On February 4, 2008, the Defendant filed a motion for summary judgment. In response to the Defendant's motion, the Magistrate Judge issued an order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and the possible consequences of his failure to adequately and timely respond to the Defendant's motion for summary judgment. When the *pro se* Plaintiff did not file a response to the Defendant's motion, the Magistrate Judge issued a second order on March 13, 2008, giving the Plaintiff an additional ten days in which to file a response to the Defendant's motion for summary judgment. This order specifically advised the Plaintiff that if he failed to respond to the Defendant's motion, his case may be dismissed for failure to prosecute. Despite this warning, the Plaintiff again did not file a response.

Based on the Plaintiff's failure to respond, the Magistrate Judge issued a report and recommendation ("R&R") on March 28, 2008, recommending that the Court dismiss this

case for lack of prosecution. Attached to the R&R was a notice advising the Plaintiff that he may file specific, written objections to the R&R within ten days after being served with a copy. To date, no written objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because no objections have been filed, the Court need not conduct a *de novo* review of any portion of the R&R.

Based on the foregoing, the Court hereby adopts the Magistrate Judge's R&R as the Order of this Court, and it is

**ORDERED** that the present action is dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

April 17, 2008
Charleston, South Carolina

2